# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL DEANGELO LOWERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-18-0413-F |
| | ) | |
| JASON BRYANT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Michael Deangelo Lowery seeks habeas relief under 28 U.S.C. § 2254, challenging his criminal convictions by the State of Oklahoma for manslaughter in the first degree, and possession of a firearm after conviction of a felony. Petitioner appears *pro se* and his pleadings are liberally construed.

On July 9, 2018, Magistrate Judge Gary M. Purcell entered a Report and Recommendation (the Report, doc. no. 12), recommending the court grant the respondent's motion to dismiss. The motion to dismiss (doc. no. 8) argued the petition should be dismissed as untimely.

Petitioner objects to the Report. Doc. no. 13. He objects to the Report's overall conclusion that the petition is untimely; to the conclusion that there is no newly discovered evidence to make the petition timely; to the conclusion that petitioner has not shown actual (factual) innocence, an issue relevant to equitable tolling (the Report finds no basis for equitable tolling); and to the Report's failure to address petitioner's double jeopardy argument.

As required by 28 U.S.C. §636(b)(1), the court has reviewed the Report in its entirety and has reviewed all objected to matters *de novo*. The Report addresses, in

detail, the reasons for the magistrate judge's conclusions that the petition should be dismissed as untimely. After careful consideration of petitioner's objections, the court finds that nothing stated there that changes the court's conclusion, in agreement with the magistrate judge, that the petition is untimely. The Report's analysis is correct and will be adopted. Given the Report's detailed analysis, there is no need for further discussion of any issues here.

Petitioner's objections to the Report are **DENIED**. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. In accordance with the Report, respondent's motion to dismiss the petition as untimely is **GRANTED**, and the petition for a writ of habeas corpus is **DISMISSED** on that ground.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Id*. Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 20th day of August, 2018.

*[Signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0413p001.docx